IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKY NELSON BASS, #138184, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:17-cv-798-WHA-SMD |
| | ) | [WO] |
| WALTER MYERS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on November 17, 2017, by Ricky Nelson Bass, an Alabama prisoner proceeding *pro se*. Doc. 1.[1]  Bass challenges his 2015 Houston County convictions and resulting sentence for selling marijuana to a person under the age of 18 and first-degree unlawful possession of marijuana.  For the following reasons, the undersigned magistrate judge RECOMMENDS that Bass's Petition (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

# I.   BACKGROUND

## A.   State Criminal Conviction

### 1.   *Guilty Plea*

On January 12, 2015, Bass pled guilty in the Houston County Circuit Court to the unlawful sale of marijuana to a person under 18 years of age (§ 13A-12-215, Ala. Code 1975) and first-degree unlawful possession of marijuana (§ 13A-12-213, Ala. Code 1975). Doc. 8-1 at 48.  The trial court sentenced Bass as a habitual offender to life imprisonment on the selling-marijuana-to-a-minor conviction and to 20 years imprisonment on the unlawful-possession conviction; the sentences were ordered to run concurrently.  *Id*. at 49–51.

### 2.   *Direct Appeal*

On direct appeal, Bass argued that

> his fundamental right to privacy was violated when an unconstitutional search was conducted via the utilization of a private citizen [a minor] to place a recorded phone call under the direction of a law enforcement officer where there was also no evidence presented to demonstrate reasonable suspicion towards Bass prior to the interception and recording of this phone call.

Doc. 8-2 at 14. On May 22, 2015, the Alabama Court of Criminal Appeals affirmed Bass's conviction and sentence in a memorandum opinion holding that Bass's claim was not preserved for appellate review and was also without merit.  Doc. 8-4 at 3–5.  Regarding the merits of Bass's claim, the Alabama Court of Criminal Appeals stated that evidence introduced at the suppression hearing established that both the minor and the minor's mother consented to the placement and recording of the phone call and thus there was no illegality in the actions of law enforcement.  *Id*.

2

Bass applied for rehearing, which the Alabama Court of Criminal Appeals overruled on June 19, 2015.  Docs. 14-1, 14-2.  On July 1, 2015, Bass filed a petition for writ of certiorari in the Alabama Supreme Court (Doc. 14-3), and on July 15, 2015, the Alabama Supreme Court struck the petition for Bass's failure to comply with Rule 39 of the Alabama Rules of Appellate Procedure (Doc. 8-5).  A certificate of judgment was entered by the Alabama Court Criminal Appeals on December 15, 2015.  Doc. 8-6.

## B.   Relevant State Post-Conviction Proceedings

### 1.   *First Rule 32 Petition*

On November 13, 2015, Bass, proceeding *pro se,* filed a state petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2]  Doc. 8-7 at 10–33.  In his Rule 32 Petition, Bass claimed: (1) the trial court lacked jurisdiction to accept his guilty pleas because his indictment was "constructively amended"; (2) there was not a sufficient factual basis for his guilty pleas; (3) his trial counsel rendered ineffective assistance by failing to conduct an adequate investigation and failing to pursue issues regarding his mental and physical disabilities; (4) a competency hearing should have been held in his case; and (5) the trial court erred by sentencing him under the enhanced guidelines instead of the presumptive guidelines.  *Id.*

---

[2] Under the "prison mailbox rule," the Court deems the Rule 32 Petition to be filed on the date Bass delivered it to prison authorities for mailing, presumptively, November 13, 2015, the date he represents that he signed it.  Doc. 8-7 at 13.  *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

On January 6, 2016, the trial court entered an order denying Bass's Rule 32 Petition. *See* Doc. 8-7 at 2, 7–9, 55.  Bass filed a notice of appeal on May 30, 2016, *id.* at 77, and on September 19, 2016, the Alabama Court of Criminal Appeals entered an order dismissing Bass's appeal because it was untimely filed.  Doc. 8-8.  A certificate of judgment was entered by the Alabama Court Criminal Appeals on November 10, 2016. *See* Doc. 8-9 at 35.

### 2.    *Second Rule 32 Petition*

On March 21, 2017, Bass filed a second *pro se* Rule 32 Petition in the trial court. Doc. 8-9 at 7–29.  In the second Rule 32 Petition, Bass claimed that the trial court lacked jurisdiction to accept his guilty plea because the recorded phone call between Bass and the minor was illegal for various reasons and should have been suppressed.  *Id.*

The trial court issued an order summarily denying Bass's second Rule 32 Petition on the same day it was filed, finding Bass's claim was precluded as successive by Rule 32.2(b) of the Alabama Rules of Criminal Procedure and time-barred by Ala.R.Crim.P. 32.2(c).  Doc. 8-9 at 7–29.  Bass appealed the denial of his second Rule 32 Petition, pursuing the claim he raised in the petition.

On August 11, 2017, the Alabama Court of Criminal Appeals affirmed the denial of Bass's second Rule 32 Petition, holding that the trial court correctly determined it was time-barred under Rule 32.2(c).  Doc. 8-10.  Bass applied for rehearing, which was overruled.  On October 13, 2017, the Alabama Supreme Court denied Bass's petition for certiorari and issued a certificate of judgment.  Doc. 8-11.

**C.   Federal Habeas Petition**

Bass filed this § 2254 Petition on November 17, 2017.[3]  He presents claims that: (1) law enforcement's use of a minor to place a recorded phone call to him to buy drugs was illegal, because the minor was diagnosed with a "mental condition" and could not consent to the recording and the minor's mother could not consent because she did not participate in the phone call; (2) law enforcement "ignored controlling statutes" when recording the phone call; (3) law enforcement was required to obtain a warrant to record the phone call; and (4) trial counsel was ineffective for failing to cite the relevant "controlling statutes" at the suppression hearing regarding the recorded phone call.  Doc. 1 at 5–10. Respondents counter that Bass's § 2254 petition is time-barred under AEDPA's one-year limitation period, 28 U.S.C. § 2244(d), and that Bass's claims are also procedurally defaulted.  Docs. 8, 10, 14.

## II.   DISCUSSION

**A.   AEDPA's Statute of Limitations**

As noted, Respondents argue that Bass's § 2254 Petition is time-barred.  Docs. 10, 14.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 Petition.  Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[3] Although the petition was stamped as received in this Court on November 20, 2017, Bass represents that he delivered the petition to prison officials for mailing on November 17, 2017.  Doc. 1 at 15.  Under the prison mailbox rule, Bass's petition is deemed to be filed on November 17, 2017.

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.   Analysis of Timeliness

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review."  Bass's conviction—and direct review of his case—became final when the Alabama Court of Criminal Appeals issued a certificate of judgment in the direct-appeal proceeding—i.e., December 15, 2015.  *See, e.g.*, *Clay v. United States*, 537 U.S. 522, 527 (2003); *Pugh v. Smith*, 465 F.3d 1295, 1299–1300 (11th Cir. 2006).  Although Bass filed a petition for writ of certiorari in the Alabama Supreme Court after the Alabama Court of Criminal Appeals

affirmed his conviction, the Alabama Supreme Court struck the petition for certiorari on July 15, 2015, based on Bass's failure to comply with Rule 39 of the Alabama Rules of Appellate Procedure.

Because Bass did not properly follow state procedures for obtaining certiorari review by the Alabama Supreme Court, he could not petition the United States Supreme Court for certiorari review. Accordingly, this Court cannot add the 90 days contemplated by Supreme Court Rule 13.1—either to the Alabama Supreme Court's July 15, 2015, striking of Bass's petition for certiorari or, more importantly, to the Alabama Court of Criminal Appeals's December 15, 2015, issuance of a certificate of judgment in the direct-appeal proceedings. As stated, Bass's conviction became final on December 15, 2015. *See, e.g.*, *Jones v. Albright,* 2010 WL 1929765, at *7 (S.D. Ala. 2010); *Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006). Absent some tolling event, statutory or equitable, the federal limitation period for Bass to file a § 2254 petition would have expired on December 15, 2016.

### 1. *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). Bass filed his first

Alabama Rule 32 Petition in the trial court on November 13, 2015. The AEDPA limitation period therefore was statutorily tolled while proceedings on Bass's first Rule 32 Petition remained "pending." *See* 28 U.S.C. § 2244(d)(2).

The trial court denied Bass's first Rule 32 petition on January 6, 2016, and Bass did not file a notice of appeal until May 30, 2016. On September 19, 2016, the Alabama Court of Criminal Appeals dismissed Bass's appeal because his notice of appeal was untimely filed. And the Alabama Court of Criminal Appeals issued a certificate of judgment on November 10, 2016. Under Alabama law, a Rule 32 petitioner has 42 days to appeal a decision denying or dismissing his petition. *See, e.g.*, Ala.R.Crim.P. 32.10(a); Ala.R.App.P. 4(b)(1); *see also Johnson v. Myers*, 2016 WL 8603656, at *2 (M.D. Ala. 2016). Bass failed to file a timely appeal from the trial court's January 6, 2016, order denying his first Rule 32 petition. Therefore, the Rule 32 proceeding was final on February 17, 2016—i.e., 42 days after the Rule 32 petition was denied. Once the Rule 32 proceeding was final, AEDPA's limitation period began to run for Bass. *See* 28 U.S.C. § 2244(d)(2).

As outlined above, Bass filed a second Alabama Rule 32 petition in the trial court on March 21, 2017. His second Rule 32 Petition, however, had no tolling effect under § 2244(d)(2), for two reasons. First, AEDPA's one-year limitation period ran unabated for over a year after the date on which the first Rule 32 proceeding was final (i.e., February 17, 2016) and the date on which the second Rule 32 petition was filed (i.e., March 21, 2017). A Rule 32 petition does not toll the limitation period under § 2244(d)(2) if the limitation period has already expired prior to filing the Rule 32 petition. *See, e.g.*, *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for

post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll.").  For Bass, AEDPA's limitation period expired on February 17, 2017, 54 days before Bass's filing of his second Rule 32 Petition.  The filing of that second Rule 32 Petition could not restart an already expired limitation period.

Moreover, Bass's second Rule 32 petition had no tolling effect under § 2244(d)(2) because the state courts ruled that the second petition was time-barred under Rule 32.2(c) of the Alabama Rules of Criminal Procedure.  When the state courts have held that a Rule 32 petition is untimely under state law, the Rule 32 petition is not a properly filed application for State post-conviction or other collateral review for purposes of tolling under § 2244(d)(2).  *See, e.g.*, *Turner v. Boyd*, 2010 WL 3724359, at *9 (M.D. Ala. 2010); *Lightfoot v. Carter*, 2018 WL 3800250, at *4 (N.D. Ala. 2018); *Pace v. DiGuglielmo*, 544 U.S. 408, 414–17 (2005); *Allen v. Siebert*, 552 U.S. 3, 7 (2007).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Bass by affording a different triggering date so that AEDPA's limitation period commenced on some date later than December 15, 2015, or (with tolling under § 2244(d)(2) for the first Rule 32 Petition) expired on some date later than February 17, 2017. There is no evidence that an unlawful state action impeded Bass from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Bass submits no ground for relief with a factual predicate not discoverable earlier with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Bass also presents no claim resting on a "right [that] has been newly recognized by the Supreme

9

Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). The AEDPA limitation period expired for Bass on February 17, 2017.  He filed his § 2254 petition on November 17, 2017—273 days after expiration of the limitation period.

### 2. *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).  "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

Although Bass does not invoke the doctrine of equitable tolling, he argues that his § 2254 petition is timely.  Doc. 18.  Part of this argument is based on his assertion that the proceedings on his first Rule 32 petition remained pending until November 10, 2016, when

the Alabama Court of Criminal Appeals entered a certificate of judgment.  *Id.* at 2.  As discussed above, however, this Court has found that, for purposes of AEDPA's limitation period, the proceedings on Bass's first Rule 32 Petition were final on February 17, 2016— 42 days after the trial court denied the first Rule 32 petition—when Bass failed to timely appeal the trial court's denial of the petition.  In asserting that the proceedings on his first Rule 32 Petition remained pending until November 10, 2016, Bass argues in effect that he is entitled to tolling until that date under 28 U.S.C. § 2244(d)(2).

While this court rejects Bass's implied argument that he is entitled to statutory tolling under § 2244(d)(2) until November 10, 2016, a question is raised whether equitable tolling might apply to the period from February 17, 2016 (when Bass could no longer appeal the denial of his first Rule 32 Petition) to November 10, 2016 (when a certificate of judgment was entered).  First, it is doubtful Bass has shown the required exercise of due diligence during that period.  Nothing prevented Bass from filing a § 2254 petition during that period.

By this Court's own calculation, Bass had until February 17, 2017, to file a timely § 2254 petition.  Bass failed to do so.  Instead, he waited until March 21, 2017, to file not a § 2254 petition in this Court, but a second Rule 32 petition in the state trial court.  Bass fails to demonstrate that he pursued his rights in a reasonably diligent manner.  *See Holland*, 560 U.S. at 649, 653 (for equitable tolling to apply, a petitioner must show he has been pursuing his rights in a reasonably diligent manner).  And because nothing prevented Bass from filing what would have been a timely § 2254 petition in the period from February 17, 2016, to November 10, 2016—and through February 17, 2017—this Court finds Bass

11

has not demonstrated that some extraordinary circumstance stood in his way and prevented him from timely filing a § 2254 petition. *Id.* at 649 (petitioner seeking equitable tolling must show some extraordinary circumstance prevented timely filing). That is, Bass fails to demonstrate a causal connection between an alleged extraordinary circumstance and the late filing of his § 2254 petition. *See San Martin*, 633 F.3d at 1267 (extraordinary circumstance prong requires a causal connection between the circumstance and the late filing). Bass is therefore not entitled to equitable tolling.

Even if this Court were to find Bass is entitled to equitable tolling for the full period from February 17, 2016, to November 10, 2016, with AEDPA's one-year limitation period commencing on the later date, Bass's § 2254 Petition is nevertheless time-barred. As previously discussed, Bass's second Rule 32 Petition, filed on March 21, 2017, had no tolling effect under § 2244(d)(2), because it was not a "properly filed application for State post-conviction or other collateral review" for purposes of statutory tolling. Thus, no tolling event occurred after proceedings on Bass's first Rule 32 petition were completed. Bass filed his § 2254 petition with this court on November 17, 2017—i.e., over a year after the November 10, 2016 entry of a certificate of judgment regarding proceedings on the first Rule 32 Petition. Therefore, under even the most lenient application of equitable tolling in Bass's case, Bass's § 2254 petition is time-barred under § 2244(d)(1)(A).

### 3.  *Actual Innocence*

The AEDPA statute of limitations can be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-

barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Bass argues this court should overlook any time-bar to his federal filing because he is actually innocent.  Doc. 18 at 4.  He supports his claim of innocence by arguing that no lawful consent was given to law enforcement's recording of the phone call by the minor seeking to buy drugs from him.  *Id.*  The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary case."  *House v. Bell*, 547 U.S. 518, 538 (2006).  *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare . . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

The question of the validity of the consent given to record the phone call from the minor to Bass has no bearing on Bass's factual innocence.  Bass's argument in this regard does not constitute new reliable evidence of actual innocence, and a jury presented with such an argument would still very likely find Bass guilty.  As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case."  *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted).  Bass's is not such a case.  Because the

actual innocence exception does not apply, the claims in Basss's time-barred § 2254 Petition are not subject to federal habeas review.

## C.   Procedural Default

Respondents argue that Bass's claims, in addition to being time-barred, are procedurally defaulted.  Doc. 8 at 3-6.

### 1.   *Exhaustion*

Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised.  *See, e.g.*, 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).  To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court.  *See, e.g.*, *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39, 40.  The exhaustion requirement applies to state post-conviction proceedings and to direct appeals.  *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *See, e.g.*, *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S.

722, 735 n.1 (1991).  "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas."  *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### 2.   *Adequate and Independent State Ground*

Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds.  *Coleman*, 501 U.S. at 729.  "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."  *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see also Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.  *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935).  Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.  In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3.   *Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or

establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). "Cause" for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *See, e.g.*, *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish "prejudice," a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Murray,* 477 U.S. at 494 (internal quotations and emphasis omitted). The "actual innocence" standard for overcoming a procedural default and providing gateway to review of an otherwise defaulted claim is the same as the standard for overcoming AEDPA's time-bar discussed above in this Recommendation.

### 4. *Bass's Defaulted Claims*

Bass's § 2254 petition contains three related substantive claims regarding the alleged illegality of law enforcement's recording of the phone call by the minor who called Bass to buy drugs from him. Bass alleges that (1) the recording was illegal because the minor was diagnosed with a mental condition and could not consent to the recording, and the minor's mother could not consent because she did not participate in the phone call; (2) law enforcement "ignored controlling statutes" when recording the phone call; and (3) law enforcement was required to obtain a warrant to record the phone call. Although Bass presented a substantive challenge to law enforcement's recording of the phone call in the trial court and on direct appeal, he did so on grounds different from those he argues in his § 2254 petition. Because these claims were not litigated on direct appeal, they were not

exhausted in the state courts.  Further, even assuming there is some overlap between Bass's claims on direct appeal and the claims in his § 2254 petition, the Alabama Court of Criminal Appeals applied an adequate and independent state ground on direct appeal in finding that Bass failed to first present the issue to the trial court. Thus, the issue was not preserved for appellate review.[4]

Finally, even if the claims were properly presented to the trial court and pursued in Bass's direct appeal, Bass failed to exhaust the claims in state court, because his petition for writ of certiorari in the Alabama Supreme Court was stricken by that court for his failure to comply with Rule 39 of the Alabama Rules of Appellate Procedure.  Bass's claims did not receive a full round of review in the state courts and are therefore unexhausted.  It is too late for Bass to return to state court to exhaust these claims, as the time for him to file a petition for writ of certiorari in the Alabama Supreme Court that complies with Ala. R.App. P. 39 has run.

Bass does not try to demonstrate cause for his procedural default of these claims, and, as indicated above in this Recommendation, his argument asserting actual innocence is unavailing as a basis for excusing his noncompliance with AEPA's limitation period or his procedural default of his claims.  For these reasons, then, Bass's claims here are not subject to federal habeas review.

---

[4] As stated previously in this Recommendation, the Alabama Court of Criminal Appeals held that even if the issue regarding law enforcement's recording of the phone call was properly preserved for appellate review, Bass's argument was without merit.

In his §2254 petition, Bass also argues that his trial counsel was ineffective for failing to cite the relevant "controlling statutes" at the suppression hearing regarding the recorded phone call.  Doc. 1 at 10.  Although Bass raised a claim of ineffective assistance of counsel in his first Rule 32 Petition, he did not assert this specific argument as a basis for counsel's allegedly deficient performance.  Moreover, Bass failed to timely appeal the denial of his first Rule 32 Petition.  For these reasons Bass has not exhausted the claim of ineffective assistance of counsel in his § 2254 Petition.  Under Ala.R.Crim.P. 32.2(c), it is too late for Bass to return to state court to exhaust this claim, and a new Rule 32 petition raising this claim would be precluded as a successive petition under Ala.R.Crim.P. 32.2(b).  Bass does not demonstrate cause for his procedural default of this claim, and his assertion of actual innocence is unavailing.  Therefore, this claim is not subject to federal habeas review.

In *Martinez v. Ryan*, 562 U.S. 1 (2012), the United States Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[5]  562 U.S. at 17.  This court will assume that, under Alabama law, Bass's first

---

[5] In *Martinez*, the Supreme Court created a narrow exception to the rule set forth in *Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991) that an attorney's errors in a post-conviction collateral proceeding do not constitute "cause" to excuse a procedural default.  The *Martinez* Court limited its ruling to ineffective-assistance-of-trial-counsel claims in initial-review collateral proceedings.  *See* 562 U.S. at 15–17.  The ruling does not provide a gateway to federal habeas review of attorney errors in other proceedings.  "It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise

reasonable opportunity to raise his instant claim of ineffective assistance of counsel was in his initial Rule 32 Petition. Accordingly, the Court addresses whether this claim of ineffective assistance of trial counsel is "substantial." *Martinez*, 562 U.S. at 17.

A claim of ineffective assistance of counsel is evaluated under the two-part test defined in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." 466 U.S.at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Bass demonstrates neither deficient performance nor resulting prejudice from his trial counsel's failure cite the relevant "controlling statutes" at the suppression hearing regarding the recorded phone call. Bass makes only conclusory and unsupported assertions that the minor had a mental condition—specifically a "conversion disorder"—that supposedly vitiated the minor's consent to recording the phone call and the inadequacy of the consent given by the minor's mother. Doc. 18 at 4–5. Bass also makes unsupported assertions about the law applicable to recording phone calls in controlled drug buys.

As the Alabama Court of Criminal Appeals noted in Bass's direct appeal, evidence at the suppression hearing showed that both the minor (a 17-year-old high school student) and the minor's mother consented to recording the phone call. *See* Doc. 8-4 at 3–5. A

---

a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id.* at 16.

person's status as a minor does not, in and of itself, foreclose the person's capacity and ability to consent to recording a telephone conversation.  *See Andrews v. Hood*, 2015 WL 1290968, at *20 (N.D. Ala. 2015) (observing that 15-year-old minor's ability to consent to recording her telephone conversation was not mutually exclusive of her parent's ability to vicariously consent to the same) (citing *Stinson v. Larson,* 893 So.2d 462 (Ala. Civ. App. 2004))).  Instead, the relevant inquiry is whether, in light of the minor's age and other relevant factors, the minor had sufficient discretion at the time in question to freely, knowingly, and voluntarily consent.  *Andrews*, 2015 WL 1290968, at *20 (citing *Allen v. State,* 44 So.3d 525 (Ala. Crim. App. 2009) (17-year-old minor had capacity and ability to consent to search of parent's home where facts attendant to the encounter, including minor's age, maturity, and intelligence, indicated that minor could exercise sufficient discretion to freely, knowingly, and voluntarily consent to the search and not merely acquiesce to a request of a police officer).

Bass has failed to plead facts indicating that the minor was unable to freely, knowingly, and voluntarily give his consent to recording his conversation with Bass.  Bass does not show that the minor had a mental condition at the relevant time that rendered him unable to consent to the placement and recording of the phone call.  Consequently, Bass's ineffective-assistance-of-counsel claim lacks merit.  Thus, the claim is not a "substantial" claim, and Bass does not establish cause excusing his default of his claim that trial counsel was ineffective in this regard.  In sum, Bass's ineffective assistance of counsel claim is procedurally defaulted.

### III.   CONCLUSION

Accordingly, the undersigned magistrate judge recommends that Bass's Petition (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before December 21, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see, e.g.*, *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*)*; *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of December, 2020.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE