IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICKY NELSON BASS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:17cv798-WHA |
| ) | (wo) |
| WALTER MYERS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. 25) and the Plaintiff's Objections thereto. (Doc. 26).

Following an independent evaluation and *de novo* review of the file in this case, the Court finds the objections to be without merit and due to be overruled.

The Petitioner, Ricky Nelson Bass, challenges his 2015 conviction and resulting sentence for selling marijuana to a person under the age of 18 and first-degree unlawful possession of marijuana. He filed his § 2254 Petition on November 17, 2017, and presents claims that: (1) law enforcement's use of a minor to place a recorded phone call to him to buy drugs was illegal, because the minor was diagnosed with a "mental condition" and could not consent to the recording and the minor's mother could not consent because she did not participate in the phone call; (2) law enforcement "ignored controlling statutes" when recording the phone call; (3) law enforcement was required to obtain a warrant to record the phone call; and (4) trial counsel was ineffective for failing to cite the relevant "controlling statutes" at the suppression hearing regarding the recorded phone call.

The Recommendation of the Magistrate Judge rejects Bass's petition on three bases: (1) the petition is time-barred; (2) the claims are procedurally barred; and (3) to the extent Bass's claim of ineffective assistance of trial counsel is reviewable, the claim lacks merit and is not a "substantial claim."

In his objections, Bass insists his petition is not time-barred. The Recommendation found that the AEDPA limitation period expired for Bass on February 17, 2017, so that the filing on November 17, 2017—273 days after expiration of the limitation period—is time-barred. Bass does not address the calculations in the Recommendation and is unpersuasive.

Bass's asserted actual innocence in his petition is based on the question of the consent given to record a phone call from the minor child to Bass. Although Bass questions the validity of the consent given to record the phone call from the minor to Bass, consent has no bearing on Bass's factual innocence.

As to Bass's ineffective assistance of trial counsel claim, Bass demonstrates neither deficient performance nor resulting prejudice from his trial counsel's failure to cite the relevant "controlling statutes" at the suppression hearing regarding the recorded phone call. Bass makes only conclusory and unsupported assertions that the minor had a mental condition—specifically a "conversion disorder"—that supposedly vitiated the minor's consent to recording the phone call and the inadequacy of the consent given by the minor's mother. Bass also makes unsupported assertions about the law applicable to recording phone calls in controlled drug buys. As the Alabama Court of Criminal Appeals noted in Bass's direct appeal, evidence at the suppression hearing showed that both the minor and the minor's mother consented to recording the phone call. A person's status as a minor

does not, in and of itself, foreclose the person's capacity and ability to consent to recording a telephone conversation. *See Andrews v. Hood*, 2015 WL 1290968, at *20 (N.D. Ala. 2015) (observing that 15-year-old minor's ability to consent to recording her telephone conversation was not mutually exclusive of her parent's ability to vicariously consent to the same) (citing *Stinson v. Larson*, 893 So.2d 462 (Ala. Civ. App. 2004))). Instead, the relevant inquiry is whether, in light of the minor's age and other relevant factors, the minor had sufficient discretion at the time in question to freely, knowingly, and voluntarily consent. *Andrews*, 2015 WL 1290968, at *20 (citing *Allen v. State*, 44 So.3d 525 (Ala. Crim. App. 2009) (17-year-old minor had capacity and ability to consent to search of parent's home where facts attendant to the encounter, including minor's age, maturity, and intelligence, indicated that minor could exercise sufficient discretion to freely, knowingly, and voluntarily consent to the search and not merely acquiesce to a request of a police officer). Accordingly, it is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge.

3. The petition for writ habeas corpus is DENIED and the case is DISMISSED with prejudice.

A separate Judgment will be entered.

Done this 5th day of January, 2021.

                                          /s/ W. Harold Albritton
                                          W. HAROLD ALBRITTON
                                          SENIOR UNITED STATES DISTRICT JUDGE